[Crim. No. 34337. Second Dist., Div. Four. Dec. 3, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
ANGEL VALENCIA, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Donald L. A. Kerson, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Howard J. Schwab, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—Defendant, together with Nick Velasquez, was charged with murder, in violation of section 187 of the Penal Code. A "special circumstance" was alleged against both defendants, to wit, a wilful, deliberate, premeditated murder *personally* committed in the course of a robbery. As against Velasquez, a second special circumstance was alleged, to wit, a prior murder. Firearm use was alleged against both defendants. After a jury trial, both defendants were found guilty of first degree (felony) murder and the special circumstance allegations were found true. The firearm allegation was found true as to Velasquez and untrue as to this defendant. Velasquez was sentenced to death; defendant was sentenced to life imprisonment without possibility of parole. Defendant has appealed; we affirm the conviction but modify the judgment.

As indicated above, this is a companion case to *People v. Velasquez* (1980) 26 Cal.3d 425 [162 Cal.Rptr. 306, 606 P.2d 341], which case, because of the death penalty imposed, was appealed directly to the Supreme Court. We are asked to, and take, notice of the opinions filed in that case.

The People's case was that the two defendants had held up a filling station attendant and, in the course of that robbery, one of them had shot and killed him.[1] Defendant here does not attack that theory and does not attack the finding of a first degree felony murder. His sole contention here is that the evidence does not support the special circumstance, the finding on which underlies the sentence of life without possibility of parole.

---

[1] The evidence was conflicting as to which defendant held the murder weapon and fired the fatal shot. By its verdict, the jury necessarily found that the actual shooting was by Velasquez, since the allegation of use of a firearm was found untrue as to Valencia.

In support of his position here, his counsel relies both on what it contends is the inherent weakness of the evidence and on the language in the several opinions filed in the *Velasquez* case.

## I

We reject the reliance on the *Velasquez* opinions. It is clearly dicta, since the majority of the court reversed the penalty verdict on the sole ground that a juror had erroneously been excluded from the jury that passed on that phase of the trial. In so doing, it sustained the finding of the second special circumstance alleged against Velasquez—a prior murder conviction; the opinions (other than a special conc. opn. by Mr. Justice Newman) go no further than to suggest that the evidence on the first special circumstance—the one herein involved as to this. defendant—was arguably insufficient. Those opinions, clearly dicta, are of little help to us in this case.

## II

Similarly, in the instant case, we do not reach the issue, vigorously argued in the briefs, of the sufficiency of the evidence, since we see a fatal defect in the pleading and other procedures below.

The statute in force at the time herein involved, and cited in the information, so far as here pertinent, defined a special circumstance as follows: "(c) The defendant was personally present during the commission of the act or acts causing death, and with intent to cause death physically aided or committed such act or acts causing death and any one of the following additional circumstances exists:...[¶] (3) The murder was willful, deliberate, and premeditated and was committed during the commission or attempted commission of any of the following crimes: [¶] (i) Robbery in violation of Section 211;..." (Pen. Code, § 190.2, subd. (c)(3)(i).)

The information charged that each of the defendants had *personally* committed the murder; and the jury was instructed on that theory.[2] However, the verdict returned by the jury, as to this defendant, did not find that Valencia had "personally" committed the murder, but found on the alternative theory set forth in the statute, as follows:

---

[2]The trial court gave CALJIC No. 8.84.1, the pertinent paragraph of which reads as follows: "That the murder was a wilful, deliberate and premeditated act; that the de-

"We, the jury in the above-entitled action, find the charge contained in the Information that the said murder was committed under the following special circumstances as defined in Penal Code section 190.2.

"With regard to ANGEL VALENCIA, we find the following facts to be true:

"1.   That the murder was willful, deliberate and premeditated, and True ___√___ PB___ False _____

"2.   That defendant was personally present during the commission of the act or acts causing death, and True ____√ PB____ False _____

"3.   That defendant, with intent to cause death, physically aided or committed the act or acts causing the death, and True ____√ PB____ False _____

"4.   That the murder was committed during the [commission] [or] attempted commission of a robbery.   True ____√ PB____ . False _____

"By finding all of the foregoing elements as true we find the allegation of Special Circumstance as alleged in the Information to be true."

It follows that this defendant has been found to have committed murder under special circumstances never charged against him and in the face of a verdict—that he had not used a firearm—which expressly excluded the circumstances charged.

■   The People here argue that we are faced with a mere variance which, under a long line of cases is not fatal to a conviction. They rely on cases which have held that a defendant may be convicted of a nonincluded offense if, by the evidence at the preliminary examination, he was made aware that the proof at trial might show the commission of the nonincluded offense. However, we are not persuaded that the doctrine can properly be applied in the case at bench. The past few years have developed a body of law, both by the Legislature and by the courts, carefully distinguishing between "personal" conduct and aiding and abetting in the context of enhanced punishment for various crimes.

---

fendant personally committed the act which caused the death of the person murdered and that the murder was committed during the commission of a robbery."

That history is discussed in *People* v. *Walker* (1976) 18 Cal.3d 232, 240 [133 Cal.Rptr. 520, 555 P.2d 306], where the Supreme Court held that the inclusion in section 12022.5 of the Penal Code of the word "personally" prevented an enhancement for the use of a firearm by a confederate. We reach a similar result here. Where we are concerned with an enhancement of penalty as severe as is herein involved, we conclude that a defendant is entitled to rely on the particular special circumstance alleged against him. In fact, in the case before us, the very fact that the preliminary examination rebutted the charge as made may well have affected the strategy of the defense—the defendant, legitimately, believing that he could rely on the People's own case to sustain his defense to the allegation.

The judgment against defendant Valencia is modified by striking from the sentence therein imposed the words "without possibility of parole. Defendant sentenced by jury pursuant to Section 190.2 of the penal code." As so modified, the judgment is affirmed.

McClosky, J., concurred.

**FILES, P. J.**—I concur in the judgment, which in effect reverses the finding of a special circumstance and the portion of the sentence which is based upon that finding. This concurrence is on the ground that the evidence is insufficient to support the finding.

I deplore the majority opinion placing the decision upon a supposed defect in the language of the information, an omission which could not have been prejudicial in the context of this case. *People* v. *Walker* (1976) 18 Cal.3d 232 [133 Cal.Rptr. 520, 555 P.2d 306], which the majority invoked *sua sponte*, has no relevance to what the court has decided here.

Respondent's petition for a hearing by the Supreme Court was denied February 11, 1981.